UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL J. GETTEMY, | No. 2:23–cv–01948-DAD–CKD PS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| LVNV FUNDING, LLC, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se and in forma pauperis. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c). Before the court is plaintiff's motion to amend (ECF No. 31) and proposed First Amended Complaint (ECF No. 32 (FAC)).

I. Background

Plaintiff commenced this action on September 11, 2023, asserting claims under the Fair Credit Reporting ACT (FCRA) and Fair Debt Collection Practices Act against five defendants. (ECF No. 1.) In October 2023, two defendants (TransUnion and NCB) filed answers. (ECF Nos. 5 & 7.) Also that month, a third defendant was voluntarily dismissed (ECF No. 10), and in December 2023, a fourth defendant appeared to have settled with plaintiff (ECF No. 28). On November 29, 2023, the remaining defendant, Omega RMS, filed an answer to the complaint. (ECF No. 26.)

On December 27, 2023, plaintiff filed the instant motion to amend and the proposed FAC, asserting that he was amending as a matter of right under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.  (ECF No. 31.)

The proposed FAC names three of the original defendants—NCB, Omega, and TransUnion—and four new defendants: JP Morgan Chase, US Bank, Equifax, and Experian. (FAC at 1.)  In January 2024, defendants NCB and Omega filed answers to the FAC.  (ECF Nos. 34 & 35.)

II. Legal Standard

Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part, a party may amend its pleading once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

When a party may not amend as a matter of course, it "may amend ... only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Although courts should freely give leave when justice requires, a variety of reasons may be sufficient to deny leave to amend.  See Foman v. Davis, 371 U.S. 178, 182 (1962). The Foman factors commonly considered are: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of amendment.  Id.  Undue delay alone, without a contemporaneous specific finding of prejudice, bad faith, or futility, is insufficient to justify denial of a motion to amend.  Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).  Absent prejudice, or a strong showing of any of the remaining Foman factors, a presumption in favor of granting leave to amend exists under Rule 15(a).  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Separately, under Rule 16(b), "good cause" is required for modification of a court's pretrial scheduling order. Fed. R. Civ. P. 16(b)(4).  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the

prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

II.     Discussion

Plaintiff asserts that, allowing three extra days for service and counting December 25, 2023 as a holiday, he filed the motion to amend 21 days after Omega's responsive pleading, filed November 29, 2023, and thus amended as a matter of course under Rule 15(B). Moreover, applying the Foman factors, and absent any prejudice to defendants, the presumption favoring leave to amend applies. No deadline for amending the pleadings has been set at this time, and two defendants have answered the FAC. In light of the above, the undersigned will recommend that plaintiff's motion to amend be granted and that the newly named defendants be served with the FAC.

Accordingly, it is HEREBY RECOMMENDED THAT:

1. Plaintiff's motion to amend (ECF No. 31) be granted;
2. This case shall proceed on the First Amended Complaint (ECF No. 32);
3. Plaintiff should be ordered to serve the First Amended Complaint on new defendants JP Morgan Chase, US Bank, Equifax, and Experian;
4. The Clerk of Court should update the docket of this action to reflect that LVNV Funding LLC is no longer a defendant, as the amended complaint supersedes the original complaint; and
5. If these Findings and Recommendations are adopted, defendant TransUnion should be ordered to file a responsive pleading to the First Amended Complaint no later than 30 days after adoption, and the four new defendants (JP Morgan Chase, US Bank, Equifax, and Experian) should be ordered to file a responsive pleading within the time provided by the Federal Rules of Civil Procedure.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within twenty-one days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 22, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/gett1948.mta_f&rs